UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JAMES MEREDITH BONNER,

       Defendant.
_____/

Case No. 19-20719

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S
<u>RENEWED MOTION FOR BOND (ECF NO. 39)</u>

    Defendant James Bonner has filed a renewed motion for bond. Pursuant to Administrative Order 20-AO-024, the court resolves the motion on the papers submitted.

    On March 10, 2020, Defendant pleaded guilty to violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. At his initial appearance on October 8, 2019, Magistrate Judge Majzoub granted bond with conditions. Shortly thereafter, on October 21, 2019, Defendant was arrested for driving under the influence of alcohol. As a result of this violation, Magistrate Judge Majzoub issued an arrest warrant and order revoking Defendant's bond.

On January 24, 2020, Defendant filed a motion for bond pending trial. The court denied the motion, finding that Defendant was a danger to the community and that no conditions could be imposed that would ensure the safety of the public. Defendant's renewed motion for bond, filed March 31, 2020, is based upon his concern regarding the risk of contracting coronavirus (COVID-19) while in detention.

Because Defendant has pleaded guilty and is awaiting sentencing, his renewed motion for bond is governed by 18 U.S.C. § 3143(a), which provides in relevant part: "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." *Id.*; *see also* Fed. R. Crim. P. 46(c).

During its initial bond review in February 2020, the court concluded that Defendant posed a danger to the community, based upon the nature of his offense, his lengthy criminal history, his propensity to reoffend, a history of violent behavior and weapons use, and his violation of conditions less than two weeks after bond was granted. At that time, the assigned pretrial services officer recommended detention. Defendant's nearly immediate

violation of the conditions of his bond demonstrated to the court that he lacked the ability to adhere to those requirements and that no set of conditions could be imposed to ensure the safety of the community. In light of these circumstances, which have not changed, Defendant has not demonstrated by clear and convincing evidence that he is not likely to pose a danger to the community.

Defendant argues that the COVID-19 pandemic, as well as unspecified health conditions that increase his risk of complications, create exceptional reasons for his temporary release pending sentencing. *See* 18 U.S.C. § 3145(c). Section 3145(c) provides: "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Because Defendant does not meet the requirements of § 3143(a)(1) or (b)(1) – both of which require a showing that he is not likely to flee or pose a danger to the community – the court need not consider whether exceptional reasons justify his release. *United States v. Eubanks*, 2020 WL 1814090, at *2 (E.D. Mich. Apr. 9, 2020) ("The Court need not discuss whether the COVID-19 pandemic constitutes an 'exceptional

reason' in this case, because Defendant cannot demonstrate that he would not pose a danger to the public if released.").[1]

Moreover, Defendant's generalized concern about contracting COVID-19 in prison is not an exceptional reason for his release pending sentencing. "While the generalized risks of COVID-19 cannot be disputed, courts have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order.'" *United States v. Nero*, 2020 WL 1672656 at \*2 (E.D. Mich. Apr. 6, 2020). This is particularly true when a defendant has offered concerns about COVID-19 that are no different than those shared by all detainees. *See United States v. Bell*, 2020 WL 1650330, at \*6 (E.D.

---

[1] In determining whether the COVID-19 pandemic creates exceptional or compelling reasons justifying pre-trial or post-conviction release, some district courts have considered the following factors:

> (1) the original grounds for the defendant's pretrial detention;
>
> (2) the nature, seriousness, and specificity of the defendant's stated COVID-19 concerns (e.g., underlying medical conditions, age, etc.);
>
> (3) the conditions in the facility where the defendant is being held (e.g., social distancing measures, screening protocols for new prisoners, the number of prisoners diagnosed with COVID-19, and availability of appropriate medical treatment);
>
> (4) whether conditions of release can be imposed to mitigate COVID-19 risks to the defendant and to the community.

*United States v. Johnson*, 2020 WL 1821099, at \*3 (E.D. Mich. Apr. 10, 2020).

Mich. Apr. 3, 2020); *see also United States v. Sykes*, 2020 WL 1685463, at *3 (E.D. Mich. Apr. 7, 2020) ("[T]he possibility that [defendant] may become ill with COVID-19 at some future time. . . . does not create an exceptional circumstance" justifying release under the Bail Reform Act).

In addition, releasing Defendant into the community, where he is unlikely to comply with his bond conditions, "poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Nero*, 2020 WL 1672656, at *4. *See also United States v. Johnson*, 2020 WL 1821099, at *3 (E.D. Mich. Apr. 10, 2020) (factors to consider when determining whether exceptional circumstances exist include "whether conditions of release can be imposed to mitigate COVID-19 risks to the defendant and to the community").

The court is mindful that the COVID-19 crisis poses serious risks and challenges to the safe administration of prisons and to the health of those individuals who are detained. The Federal Detention Center at Milan, Michigan, where Defendant is currently housed, has instituted several measures to attempt to contain the spread of COVID-19, including the screening and quarantining of new detainees, restriction of visitors,

increased sanitation, and screening of employees. See ECF No. 41 at PageID 332-33; https://www.bop.gov/coronavirus (last accessed April 16, 2020). The court will continue to monitor the rapidly evolving situation and act with the health and safety of the public and incarcerated individuals in mind, consistent with the Bail Reform Act.

IT IS HEREBY ORDERED that Defendant's renewed motion for bond (ECF No. 39) is DENIED.

Dated: April 17, 2020

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 17, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk