UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

JAMES MEREDITH BONNER,

      Defendant.

_____/

Case No. 19-20719

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE (ECF NO. 54)

Defendant James Bonner seeks compassionate release from prison based upon his medical conditions and the COVID-19 pandemic. For the reasons explained below, Defendant's motion is denied.

Defendant pleaded guilty to violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm, and was sentenced to 63 months in prison on September 24, 2020. He is currently housed at FCI Terre Haute and his projected release date is April 5, 2024. Defendant suffers from Type 2 diabetes and hypertension. He asserts that his health conditions, which place him at greater risk for severe complications should he contract COVID-19, are grounds for compassionate release.

-1-

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

Bonner states that he exhausted his administrative remedies by submitting a request for compassionate release to the warden of his facility. The government contends that the facility has no record of Bonner's request. On this record, it is not clear whether Bonner has exhausted his administrative remedies. However, because the government has addressed the merits of Bonner's motion, the court will do so as well.

When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)"

support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

Courts have found that the "extraordinary and compelling" prong is satisfied as a result of the COVID-19 pandemic, the increased risk of contracting the virus in prison, and underlying health conditions that create the danger for severe complications if a defendant is infected. *See, e.g.*, *United States v. Mitchell,* 2020 WL 3972656, at *3 (E.D. Mich. July 14, 2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons); *United States v. Hargrove*, 2021 WL 509905, at *2 (E.D. Mich. Feb. 11, 2021) (heart failure, type 2 diabetes, and severe obesity, among other ailments). *See also United States v. Bass*, 2021 WL 476467, at *1 (6th Cir. Feb. 5, 2021) ("A defendant whose medical conditions increase his risk of severe illness may be able to demonstrate extraordinary and compelling reasons supporting release.").

However, as pandemic conditions continue to evolve, these factors are less likely to constitute extraordinary and compelling reasons.

Currently, there is one reported COVID-19 case among inmates at Terre Haute FCI and two cases among staff members.[1] Further, 316 staff members and 1593 inmates at Terre Haute have been vaccinated against COVID-19, including Bonner, significantly reducing his risk of becoming infected or suffering severe symptoms or hospitalization.[2] According to the Centers for Disease Control, "COVID-19 vaccines protect people from getting infected and severely ill, and significantly reduce the likelihood of hospitalization and death." *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html.

Despite his diabetes and hypertension, Bonner faces a substantially lower risk of contracting COVID-19 now that he and a significant number of inmates and staff at Terre Haute have been vaccinated. Under the circumstances, Bonner has not demonstrated that his health conditions or the COVID-19 pandemic provide an extraordinary and compelling basis for his release. *See United States v. Miller*, No. 13-20928, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021) (no extraordinary and compelling reasons for release after defendant was vaccinated); *United States v. Gabbard*, No.

---

[1] https://www.bop.gov/coronavirus/ (last accessed August 30, 2021).
[2] https://www.bop.gov/coronavirus/ (last accessed August 30, 2021).

18-20039, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021) (same); *United States v. Butler*, No. 18-20256, 2021 WL 2471474, at *2 (E.D. Mich. June 17, 2021) (same).

Therefore, IT IS HEREBY ORDERED that Bonner's motion for compassionate release is DENIED.

Dated: September 1, 2021

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 1, 2021, by electronic and/or ordinary mail and also on James Meredith Bonner #25359-039, Terre Haute U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808.

s/B Sauve
Deputy Clerk